# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>JARVIS JONES,<br><br>*Defendant.* | DOCKET NO. 3:24-CR-232-MOC<br><br>UNOPPOSED MOTION TO CONTINUE TRIAL DATE & PRETRIAL MOTIONS DEADLINE |

Jarvis Jones, by and through his counsel of record, Assistant Federal Defender John Parke Davis, respectfully requests that this Court continue the trial date presently scheduled for November 3, 2025. As grounds therefore, it is averred:

1. On February 20, 2025, Mr. Jones was arraigned on nine counts in a fifteen-count Bill of Indictment, charging him with two counts of Possession of a Firearm by a Convicted Felon pursuant to 18 U.S.C. § 922(g) (Counts One and Nine); five counts of Distribution of a Controlled Substance pursuant to 21 U.S.C. §§ 841(b)(1)(A) (Counts Six, Eight, and Ten) & 841(b)(1)(C) (Counts Four and Five); and two counts of Possession of a Firearm in Furtherance of Drug Trafficking pursuant to 18 U.S.C. § 924(c) (Counts Seven and Eleven). He had previously been appointed counsel, and was ordered detained pending trial. Mr. Jones faces a substantial term of imprisonment if convicted of the count against him.

2. Mr. Jones faces a very substantial sentence if convicted, including a sum total of 25 years mandatory minimum sentence if convicted on all counts, and plea negotiations are ongoing. Counsel needs additional time to review discovery with Mr. Jones, to fully investigate Mr. Jones's case and possible defenses, and to effectively negotiate with the government and

prepare the case for trial.

3.  The parties are actively engaged in plea negotiations, and anticipate a resolution in the near future. Due to various external factors, however, including difficulties with jail communications, backlogs in both defense and prosecution offices, and issues related to the government shut-down, the parties require slightly more time to finalize a resolution to this case.

4.  The time period of this continuance is excludable under 18 U.S.C. § 3161(h)(1), because the Fourth Circuit has specifically found ongoing plea negotiations to be "other proceedings" under the terms of the Speedy Trial Act. *E.g. U.S. v. Keita*, 742 F.3d 184, 188 (4th Cir. 2014); *U.S. v. Leftenant*, 341 F.3d 338, 345 (4th Cir. 2003) (collecting similar authority from other circuits). Thus, this period of delay is excludable as a period of delay resulting from another proceeding concerning the defendant. 18 U.S.C. § 3161(h)(1); *Keita*, 742 F.3d at 188 (affirming that any period of delay due to ongoing plea negotiations is excludable under the Speedy Trial Act). It is also excludable under § 3161(h)(7)(B)(iv), as the need for additional time to allow for effective preparation, taking into account defense counsel's due diligence, outweighs the interests of the public or the defendant in a speedy trial.

5.  For the same reasons stated above, Mr. Jones's needs additional time to research related legal and factual issues that may arise from reviewing discovery, interviewing Mr. Jones, and investigating the case.

6.  The government does not oppose the granting of this motion.

**WHEREFORE,** Mr. Jones respectfully requests a continuance of his trial date from the November 3, 2025 term to the next available term of court, and a corresponding extension of the pretrial motion and notice deadline to line up with the Court's next criminal term.

Respectfully submitted:

s/John Parke Davis
John Parke Davis
N.C. Bar No. 34427
Federal Public Defender
Western District of North Carolina
129 West Trade Street, Suite 300
Charlotte, NC 28202
(704) 374-0720
(704) 374-0722 Fax
jp_davis@fd.org
*Attorney for Jarvis Jones*

DATE: October 15, 2025